UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ARTI HIRANI, ESQ., as Personal
Representative of the Estate of Carl
Harper, Jr., Deceased,

                                                 CASE NO. 2:23-cv-00923-SPC-KCD

     Plaintiff,

v.

CARMINE MARCENO, LEE
COUNTY CORRECTIONS
DEPARTMENT and DOES 1-5,

     Defendants.

_____/

**DEFENDANTS SHERIFF CARMINE MARCENO AND LEE COUNTY
CORRECTIONS DEPARTMENT'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COME NOW the Defendants, CARMINE MARCENO, in his official capacity as Sheriff of Lee County, and "LEE COUNTY CORRECTIONS DEPARTMENT" (hereinafter "Corrections"), by and through their undersigned attorneys, and pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, file this their Motion to Dismiss Plaintiff's Amended Complaint[1] (ECF 1-1, Pgs. 37-48), in support thereof state as follows:

---

[1] After the removal, the Plaintiff re-filed the Amended Complaint, previously filed in state court on October 11, 2023. (ECF 4.) This filing did not include exhibit A to the Amended Complaint, which was attached to the Amended Complaint filed in state court.

## PROCEDURAL BACKGROUND

This lawsuit was instituted on March 22, 2023, in the Circuit Court, in and for Lee County, Florida. Plaintiff Jasmine Boston, purportedly the personal representative of the Estate of Carl Harper Jr. at the time, filed a "Wrongful Death Complaint" against Defendants Sheriff Marceno, in his official capacity, "Corrections", and five DOE defendants. The lawsuit stems from Carl Harper Jr.'s death on September 8, 2022, while he was an inmate housed at the Lee County Jail. (ECF 1-1, Pgs.7-12.)

The original Complaint contained three counts: Count I- Negligence claim against "Corrections"; Count II - Battery claim against "Corrections"; and Count III - 42 USC §1983 against DOE. (ECF 1-1, Pgs.7-12.) The served Defendants, Sheriff Marceno and "Corrections", filed a motion to dismiss. (ECF 1-1, Pg.19-30.) On September 27, 2023, the parties entered into an Agreed Order granting Defendants' motion to dismiss without prejudice and allowing Plaintiff ten days in which to file an Amended Complaint. (ECF 1- 1, Pg.35.)

An Amended Complaint was filed on October 11, 2023, by a different Plaintiff -ARTI HIRANI, Esq.,- purportedly the personal representative of the Estate of Carl Harper, Jr. at this time. (ECF 1-1, Pgs. 37-48.) The Amended Complaint contains six counts: Count I- Negligence claim against Corrections; Count II – Negligence against the Sheriff; Count III- Battery against the Sheriff; Count IV- Battery against

DOES; Count V- 42 USC §1983 against DOES; and Count VI- 42 USC §1983 against the Sheriff. (Id.)

For the reasons stated below, Plaintiff's Amended Complaint fails to state any valid claims upon which relief can be granted, and consequently should be dismissed.

WHEREFORE, it is respectfully requested that this Honorable Court grant Defendants' Motion to Dismiss.

FURTHER, and in support of this Motion, the Defendants would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW
## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that dismissal of a claim is appropriate when the Plaintiff fails to plead in such a way so that each cause of action is supported by factual allegations plausibly suggesting that he is entitled to recovery under some legal theory. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

A Complaint "must consist of more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Lattimore v. Wells Fargo Bank, N.A., 590 Fed. Appx. 912, 913 (11th Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A "'formulaic recitation of the elements of a cause of action will not do.'" Simpson v. Sanderson Farms, Inc., 744 F.3d 702, 708 (11th Cir. 2014). The Court must accept

the plaintiff's well-pleaded facts as true but need not accept mere legal conclusions. Brinson v. Welsh, 2017 WL 4176209, at *2 (11th Cir. Sept. 21, 2017) (citing Iqbal, 556 U.S. at 678). Allegations made "upon information and belief" are insufficient to satisfy a plaintiff's pleading burden. Smith v. City of Sumiton, 578 Fed. Appx. 933, 936 n. 4 (11th Cir. 2014) (citing Mann v. Palmer, 713 F.3d 1306, 1315 (11th Cir. 2013). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 556 U.S. at 680 (stating conclusory allegations are "not entitled to be assumed true"); Sinaltrainal v. Coca-Cola, 578 F.3d 1252, 1260 (11th Cir. 2009), abrogated on other grounds by Mohamad v. Palestinian, 566 U.S. 449 (2012).

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ...claim is and the grounds upon which it rests." Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 335 U.S. 41, 47, 1957)). Further, the Plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 127 S. Ct. at 1974. However, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171 (11th Cir. 1993).

The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 680). "Plausibility is the key, as the 'well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1333 (11th Cir. 2010).

## II.   LEGAL ARGUMENT

### A.   Defendant "Lee County Corrections" should be dismissed as an improper defendant

Count I is brought against "Lee County Corrections Department." However, "Lee County Corrections Department" is not a proper defendant, and it must be dismissed. There is no such legal entity as "Lee County Corrections Department" being liable at law for the actions of the Sheriff, or such deputies as may be employed by him. "Lee County Corrections Department" is not sui juris and is incapable of either suing or being sued.

Article VIII, Section 1(c), of the Florida Constitution, entitled "County Officers," states that "[t]here shall be elected by the electors of each county, for terms of four years, a sheriff...." Article V, Section 3(b)(3), of the Florida

Constitution, which describes the jurisdiction of the Supreme Court of Florida, states that the Supreme Court of Florida "may review any decision of a district court of appeal that ... expressly affects a class of constitutional or state officers ...." *See also* Fla. R. App. P. 9.030(a)(2)(A)(3). In other words, the Florida Constitution creates within each county a sheriff and describes the sheriff as a "constitutional officer" of Florida. Section 768.28(9), Florida Statutes, describes as the "exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers" an action against "the constitutional officer of which the officer, employee, or agent is an employee...." Thus, "Lee County Corrections Department" is not the proper party to this action. Ramirez v. Hillsborough Cty. Sheriff's Office, 2011 WL 976380, at *1 (M.D. Fla. Mar. 18, 2011), citing Keck v. Seminole County Sheriff's Office, 2010 WL 2822011, *1 (M.D.Fla.2010).

Thus, Defendant "Lee County Corrections Department" must be dismissed.

**B.     Plaintiff's state law claims against Sheriff Marceno are subject to dismissal for failure to comply with the mandatory condition precedent requirements of Section 768.28(6)**

Section 768.28(6), Florida Statutes waives the state of Florida's sovereign immunity with respect to tort actions. Accordingly, to maintain a claim in tort against the State or one of its agencies, such as the Sheriff, a plaintiff must meet the pre-suit

notice requirements of section 768.28(6) which are applicable to the Sheriff. Beard

v. Hambrick, 396 So.2d 708 (Fla. 1981). The statute sets out mandatory procedures

that one must follow before suing pursuant to the waiver. Section 768.28(6) states

in pertinent part:

> (6)(a) An action may not be instituted on a claim against the state or
> one of its agencies or subdivisions unless the claimant presents the
> claim in writing to the appropriate agency, and also, except as to any
> claim against a municipality, county, or the Florida Space Authority,
> presents such claim in writing to the Department of Financial
> Services, within 3 years after such claim accrues and the Department
> of Financial Services or the appropriate agency denies the claim in
> writing; ....

Thus, the statute required the Plaintiff to present her claims in writing to the

appropriate state agency, in this case the Lee County Sheriff, **AND** the Department

of Financial Services, as a condition precedent to filing suit. Because Section

768.28(6) is part of a statutory waiver of sovereign immunity, "it must be strictly

construed." Simmons v. Pub. Health Tr. of Miami-Dade Cnty., 338 So. 3d 1057,

1062–63 (Fla. 3rd DCA 2022), citing Levine v. Dade County School Board, 442 So.

2d 210, 212 (Fla. 1983); Menendez v. North Broward Hosp. Dist., 537 So. 2d 89, 91

(Fla. 1988). This is for the obvious reason that the immunity of the sovereign is a

part of the public policy of the state. It is enforced as a protection of the public against

profligate encroachments on the public treasury." Spangler v. Florida State Turnpike

Authority, 106 So.2d 421, 424 (Fla. 1958); Carlile v. Game and Fresh Water Fish

Commission, 354 So.2d 362, 364 (Fla. 1977). Proper notice under Section 768.28(6)

is a condition precedent to bring suit against a government entity. <u>Simmons</u>, <u>supra</u>, citing <u>Broward Cty. Sch. Bd. v. Joseph</u>, 756 So. 2d 1077 (Fla. 4th DCA 2000). Also, the notice requirement of Section 768.28(6) cannot be waived unless expressly authorized by statute. <u>Id.</u>, <u>Dukanauskas v. Metro. Dade Cty.</u>, 378 So. 2d 74, 76 (Fla. 3d DCA 1979); Florida Statute §768.28(6)(b).

In the Amended Complaint, Plaintiff pleads in paragraph 11 that "All conditions precedent to the maintenance of Florida common law tort actions against required Defendants have been fulfilled pursuant to §768.28, Florida Statutes, and no action was taken on the claim within six months after it was filed. See Exhibit A." (ECF 1-1, Pg. 38.) However, it is evident from Exhibit A (ECF 1-1, Pgs.46-47) that the required notice was provided only to the Department of Financial Services, and was not provided to Lee County Sheriff. Therefore, as it is undisputed on the face of the Amended Complaint that the Plaintiff completely failed to provide notice to the Sheriff as required by Section 768.28(6), the Sheriff did not waive sovereign immunity, and all state law claims against him in his official capacity (Counts II and III) should be dismissed.

In the event the Court considers the Defendant "Lee County Corrections" a proper defendant, it is also undisputed on the face of the Amended Complaint that the Plaintiff completely failed to provide notice to "Lee County Corrections" as required by Section 768.28(6). Therefore, Lee County Corrections did not waive

sovereign immunity, and all state law claims against it (Counts I) should be dismissed.

## C.   The Amended Complaint should be dismissed as it contains claims against fictitious parties

The Amended Complaint brings two separate counts against fictitious parties DOES 1-5. (ECF 1-1, Pgs. 43-44.) However, "as a general matter, fictitious-party pleading is not permitted." <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010). There is a limited exception to this rule "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" <u>Id</u>. (quoting <u>Dean v. Barber</u>, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). Plaintiff's Amended Complaint does not meet this limited exception. The Amended Complaint states that "the true name and/or capacities of DOE is unknown to Plaintiff who, therefore sues said defendant by such fictitious name. At all times material hereto, DOES are believed to be Correction Officers and/or Officers for the Lee County Department of Corrections", (ECF 1-1, Pg.38, ¶8), but it does not provide any other information about the description or identity of these officers.

Accordingly, the Amended Complaint should be dismissed.

## D.   The Plaintiff lacks standing to bring a wrongful death action under Florida Statute §768.20

The statutory framework of the Wrongful Death Act unambiguously provides that a decedent's personal representative is the party that "shall" bring the action and

"shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." §768.20, Fla. Stat; George Gomez, Silvia Pohl, & Joy Gomez v. R.J. Reynolds Tobacco Co., & Philip Morris USA Inc., et al., 2023 WL 379631, at *2 (Fla. 3rd DCA, Jan. 25, 2023). "By statute," the Supreme Court has observed, the "personal representative is the only party with the standing to bring a wrongful death action to recover damages for the benefit of the decedent's survivors and the estate. The survivors may not bring separate legal actions." Id., quoting Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy Law Group, 64 So. 3d 1187, 1191 (Fla. 2011) (citations omitted). See also Cont'l Nat. Bank v. Brill, 636 So. 2d 782, 784 (Fla. 3d DCA 1994) ("Under the Wrongful Death Act, the personal representative is the party who seeks recovery of all damages caused by the injury resulting in death for the benefit of the decedent's survivors and for the estate. The personal representative must bring a single action to recover damages for all beneficiaries.") (citations omitted).

The original complaint filed in March 2023 was filed by Jasmine Boston, as personal representative of the Estate. (ECF 1-1, Pg.7) The Defendants' motion to dismiss the original complaint raised lack of standing as grounds for dismissal, pointing out that there was no allegation that she was the appointed personal representative, there was no order appointing her as such attached to the complaint, a public records search on the Lee County Clerk of Courts website showed that no

probate proceedings have been filed since Mr. Harper's death on September 8, 2022, and there was no other court case appointing Jasmine Boston as the personal representative of the Estate of Carl Harper, Jr. (ECF 1-1, Pgs. 23-24.) It appears the Defendants were correct because the Amended Complaint is brought by a different Plaintiff- Arti Hirani, as the purported personal representative of the Estate of Carl Harper Jr. (ECF 1-1, Pg.37.) However, the Amended Complaint also fails to plead that Plaintiff Hirani is the appointed personal representative of the Estate, and there is no court order appointing Ms. Hirani as the personal representative attached as an exhibit to the Amended Complaint[2]. Under Florida Statute § 768.20, Plaintiff Hirani does not have standing to bring this action. It is clear that this wrongful death action is not brought by the appointed personal representative of the Estate of Carl Harper, Jr., which is fatal to this lawsuit and warrants dismissal for lack of subject matter jurisdiction.

**E.    The Amended Complaint should be dismissed as an improper shotgun pleading**

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both." <u>Barmapov v. Amuial</u>, 986 F.3d 1321,

---

[2] A search of the Lee County Clerk of the Courts website reveals that no probate proceedings have been filed since Mr. Harper's death on September 8, 2022, and there is no other court case appointing Arti Hirani as the personal representative of the Estate of Carl Harper, Jr.

1324 (11th Cir. 2021). Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading." Barmapov, 986 F.3d at 1324, citing Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting T.D.S. Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1544 n.14 (11th Cir. 1985). These rules were also written for the benefit of the court, which must be able to determine "which facts support which claims," "whether the plaintiff has stated any claims upon which relief can be granted," and whether evidence introduced at trial is relevant. Id.

The Eleventh Circuit has identified four categories of shotgun pleadings: "complaint[s] containing multiple counts where each count adopts the allegations of all preceding counts"; complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; complaints that do not separate into a different count each cause of action or claim for relief; and complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or

which of the defendants the claim is brought against." <u>Weiland</u>, 792 F.3d at1321-23 "[T]o one degree or another," shotgun pleadings fail to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." <u>Id</u>.

Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules" because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." <u>Id</u>. (alterations adopted) (quoting <u>T.D.S.</u>, 760 F.2d at 1544 n.14). Besides violating the rules, shotgun pleadings also "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." <u>Barmapov</u>, 986 F.3d at 1324, quoting <u>Vibe Micro</u>, 878 F.3d at 1295 (alterations adopted) (internal quotation marks omitted).

Federal Rule of Civil Procedure 10(b) establishes "a flexible  standard that turns on whether pleading multiple claims in one count advances or  hinders the interests of clarity." <u>Cont'l 332 Fund, LLC v. Albertelli</u>, 317 F. Supp. 3d 1124, 1139 (M.D. Fla. 2018) (citing Fed. R. Civ. P. 10(b)).  Notice is the guiding  principle of the Eleventh Circuit's shotgun pleading analysis, and the key inquiry is   whether the "failure to more precisely parcel out and identify the facts relevant to   each claim

materially increase[s] the burden of understanding the factual  allegations underlying each count." Weiland, 792 F.3d at 1324.

The Amended Complaint is a shotgun pleading. Count V- Section 1983 against the Sheriff, incorporates the first 31 paragraphs, which includes Count I and Count II, which are state law negligent claims. This makes Count V "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1321.

Although the title of the pleading is "Wrongful Death Complaint," the Plaintiff has brought one count of negligence and one count of battery against Defendants Sheriff and Lee County Corrections, for allegedly causing Mr. Harper's death on September 8, 2022. But Plaintiff also seeks damages for the physical and mental pain and suffering of the decedent. (ECF 1-1, Pgs.37-48, ¶¶ 24, 33, 40, 46.) By seeking such damages, she improperly conflates two separate and mutually exclusive causes of action (wrongful death claim under the Florida Wrongful Death Act and survival act claim) into one claim. Florida law is clear, however, that claims brought under the Survival Act, section 46.021, Florida Statutes, and the Florida Wrongful Death Act, section 768.16-768.26, Florida Statutes, are "two different causes of action under the Florida Statutes." Capone v. Philip Morris United Slates, 116 So.3d 363, 373 (Fla. 2013). Here, the Estate does not plead these two separate claims in the alternative.

As the title suggests, this is a Wrongful Death Complaint. The Estate cannot recover damages under both the survival act statute and the Florida Wrongful Death Act. Salfi v. Columbia JFK Medical Center Ltd. Partnership, 942 So.2d 417, 420 (Fla. 4th DCA 2006) (affirming dismissal of survival claim under Fla. Stat. Section 46.021 for negligence holding that it was barred by the Wrongful Death Act where the complaint asserted that the hospital's negligence caused the deceased's death); *see also* Peklun v. Tierra Del Mar Condo. Assoc., 119 F.Supp.3d 1361, 1368, 1372-73 (S.D. Fla. 2015) (holding that claim for violation of the Fair Housing Act predicated upon allegations that defendant's conduct caused the decedent to be humiliated and become increasingly distraught and despondent until he committed suicide was precluded by the Wrongful Death Act).

Survival damages for the pain and suffering of the decedent are not recoverable when the personal injury resulted in death. Section 768.20, Florida Statutes expressly states, "[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." Under these circumstances, the survival action merges into a wrongful death action where the only damages recoverable are loss of earnings, medical expenses, and funeral expenses. Knowles v. Beverly Enterprises-Florida, Inc., 898 So. 2d 1, 9 (Fla. 2004) (acknowledging that "[u]nder the Wrongful Death Act, however, a personal injury claim abates where personal injuries suffered

from the negligent or wrongful act result in death."). Thus, to the extent Plaintiff intended to bring a survival action against the Defendants, there is no viable survival action for negligence or battery that resulted in death.

In addition, in paragraph 18 of Count I, Plaintiff alleges that "Defendant Doe used excessive force in their attempt to apprehend the Plaintiff which was a direct cause of his death and damages." (ECF 1-1, Pg.39, ¶18.)  However, such a claim fails as no cause of action for the negligent excessive use of force exists under Florida law. Lewis v. City of West Palm Beach, 561 F.3d 1288, 1294 (11th Cir. 2009) (finding that the plaintiff failed to state a claim for wrongful death because "it is inapposite to allege the negligent commission of an intentional tort, such as the use of excessive force.") (citing City of Miami v. Ross, 695 So.2d 486, 487 (Fla.3d DCA 1997)); City of Miami v. Sanders, 672 So.2d 46, 48 (Fla.3d DCA 1996)).

Counts I and II also contain general allegations of failure to train and supervise unknown corrections deputies as the basis for the negligence and the battery claims.  By doing so, Plaintiff co-mingles a claim for general negligence with a claim for negligent training and a claim for supervision. Plaintiff also co-mingles a claim for battery with a claim for negligent training and a claim for negligent supervision. However, each is a separate and distinct cause of action.

The Amended Complaint fails to give the Defendants adequate notice of the claims against them and the grounds upon which each claim rests, and thus, it should be dismissed as a shotgun pleading.

**F.      The Amended Complaint fails to state a claim for negligent training and supervision against the Sheriff**

To the extent the Plaintiff intended to bring a claim for negligent training and a claim for negligent supervision against the Sheriff, such claims are subject to dismissal.

To state a claim for negligent training, the Plaintiff must demonstrate a failure to exercise a duty of care causing an injury, and, if that is shown, establish that the Sheriff "was negligent in the implementation or operation of the training program." Mercado v. City of Orlando, 407 F.3d 1152, 1162 (11th Cir. 2005). Under Florida law, while the Sheriff's Office has a public duty to train its corrections officers, the acts that form the basis for a negligent training claim cannot challenge "discretionary" government decisions regarding the content of the training, liability for which governments are immune. Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir. 2001).

A discretionary function occurs, under Florida law, when "the governmental act in question involved an exercise of executive or legislative power such that, for the court to intervene by way of tort law, it inappropriately would entangle itself in

fundamental questions of policy and planning." <u>Henderson v. Bowden</u>, 737 So.2d 532, 538 (Fla. 1999) (citation omitted). "An 'operational' function, on the other hand, is one not necessary to or inherent in policy or planning, that merely reflects a secondary decision as to how those policies or plans will be implemented." <u>Id</u>.  Here, Plaintiff's Amended Complaint fails to allege how the Sheriff's existing training of corrections deputies was deficient or what additional training was needed. (Amended Complaint generally).  The only factual allegations which are raised are the general conclusory allegations that the Defendant failed to adequately train and supervise its employees on how to evaluate threats and how to use appropriate level of force, "especially when dealing with diverse population of people", allegations which indicate that the Plaintiff is merely disputing the content of the Sheriff's training programs, and not the implementation of that training. However, "[a] city's decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning." <u>Lewis</u>, supra, 260 F.3d at 1266.

As the Sheriff's training decisions on how to train his employees on a certain subject are discretionary functions that are immune from suit, Plaintiff's claim for negligent training against the Defendants should be dismissed.

The Plaintiff also attempts to assert a claim of negligent supervision. This claim is also subject to dismissal.  To prove a cause of action for negligent

supervision under Florida law, the plaintiff must show "(1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty; and (3) proximate causation of injury by virtue of the breach."

Albra v. City of Fort Lauderdale, 232 F. App'x 885 (11th Cir. 2007). A breach of the duty to supervise by the Sheriff is cognizable under Florida law only "when during the course of employment, the employer becomes aware, or should have become aware of problems with an employee that indicates his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment." Department of Environmental Protection v. Hardy, 907 So.2d 655 (Fla. 5th DCA 2005) (citing Garcia v. Duffy, 492 So.2d 435, 438-39 (Fla. 2nd DCA 1986)).  Here, the Amended Complaint does not even identify who the alleged involved employees who supposedly needed more supervision were and does not contain any factual allegations that the Sheriff was on notice that those employees were in need of such supervision. As Florida courts have previously noted, "there must be a connection and foreseeability between the employee's employment history and the current tort committed by the employee." Dickinson v. Gonzalez, 839 So.2d 709, 713 (Fla. 3rd DCA 2003). Thus, a claim for negligent supervision also fails.

In addition, sovereign immunity bars the Plaintiff's negligent training claim as pled as there is no duty in general to train deputies in any particular way which would be owed to the Plaintiff/Decedent.  Cook vs. Sheriff of Monroe County, FL,

402 F.3d 1092, 1117-1118 (11th Cir 2005) [Plaintiff's negligent training and supervision claim barred by Florida sovereign immunity]; <u>Maybin vs. Thompson</u>, 514 So.2d 1129, (Fla. 2d DCA 1987) [Sovereign immunity granted for alleged negligent hiring and training of officer] and See <u>Ursin vs. Law Enforcement Company, LTD</u>, 450 So.2d 1282 (Fla. 2nd DCA 1984), approved, 469 So.2d 1382 (Fla. 1985) [negligent instruction theory barred by sovereign immunity].

Accordingly, a claim for negligent training and a claim for negligent supervision against the Sheriff, to the extent the Amended Complaint contains such claims, should be dismissed.

### G.     Count VI against the Sheriff fails to state a claim under 42 U.S.C Section 1983

In Count VI, the Plaintiff seeks to hold the Sheriff liable under § 1983, but her efforts fail because the Amended Complaint does not sufficiently allege that any violation of constitutional rights Cark Harper Jr. suffered was caused by an official policy or unofficial custom of the Sheriff. A municipality "cannot be subject to liability *at all* unless the harm was caused in the implementation of 'official municipal policy.'" <u>Lozman v. City of Riviera Beach</u>, 138 S. Ct. 1945, 1951 (2018) (emphasis added) (quoting <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978)). The Sheriff's liability "must be premised on a constitutional violation

carried out by the agency and cannot be based on theories of *respondeat superior* or vicarious liability." Knight ex rel. Kerr v. Miami-Dade County, 856 F.3d 795, 819 (11th Cir. 2017). A plaintiff hoping to establish that a municipality *itself*—not one of its agents or employees—caused a constitutional violation has two options: (1) identify an officially promulgated municipal policy, or (2) identify an unofficial custom or practice shown through the repeated acts of a final policymaker for the municipality. Grech v. Clayton County, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc). If he succeeds in that identification, his task is still not complete; he must also allege sufficient facts to "show that the municipal action was taken with the requisite degree of culpability and [to] demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

### The allegations do not plausibly state a policy or custom.

It should go without saying that the Plaintiff cannot state a municipal liability claim based on policy because she never identifies an officially promulgated Sheriff's policy that caused some deprivation of a constitutional right. Grech, 335 F.3d at 1330 ("[A] county rarely will have an officially-adopted policy of permitting a particular constitutional violation."). She must travel the custom route.

To plausibly state the existence of a municipal custom, allegations showing a "pattern of similar constitutional violations [are] 'ordinarily necessary.'" Craig v.

Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 62 (2011)). Only a thoroughly engrained pattern of similar unconstitutional conduct can establish a custom that is "such 'a longstanding and widespread practice that it is deemed authorized by the [municipality's] policymaking officials because they must have known about it but failed to stop it.'" Ibid. (cleaned up) (quoting Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991)). Here, the Plaintiff fails to establish such pattern. She does not allege—even in a conclusory way—that a custom of permitting or condoning excessive use of force exists, let alone set forth well-pled facts that would plausibly support such a claim. *See, e.g.*, Stepanovich v. City of Naples, 728 F. App'x 891, 898 (11th Cir. 2018) ("[T]he complaint lacks sufficient facts to plausibly show a *series* of constitutional violations" and "offer[s] scant allegations that *any* constitutional violations occurred . . . *similar* to the ones Plaintiffs claim to have suffered" (emphases in original) (cleaned up)); Lordeus v. Miami-Dade County, 263 F. Supp. 3d 1307, 1310 (S.D. Fla. 2017) (complaint "contain[ed] no factual allegations whatsoever of an official policy or pattern or series of unlawful practices that could serve as grounds for imposing liability against the County"). The allegations about the incident involving Mr. Harper are of no help because a "single incident of unconstitutional activity is insufficient to prove a policy or custom even

when the incident involves several employees of the municipality." <u>Craig</u>, 643 F.3d at 1311.

Here, Plaintiff does not sufficiently allege that the constitutional violation was caused by the customs, policies, or procedures of the Lee County Sheriff. Although the Plaintiff is not required to plead her § 1983 claim with heightened particularity, she is required to plead sufficient facts that show she is entitled to relief. Plaintiff has failed to do so here.

## **CONCLUSION**

For the reasons stated herein, Defendants Marceno, in his official capacity as Lee County Sheriff, and "Lee County Corrections Department" respectfully request that this Honorable Court dismiss Plaintiff's Amended Complaint.

## **LOCAL RULE 3.01(g) CERTIFICATION**

On October 25, 2023, the undersigned spoke with attorney John Dill, Esq., via telephone, and discussed the grounds for dismissal raised in the Defendants' motion to dismiss. Mr. Dill indicated that the Plaintiff objects to this motion and a response in opposition will be filed. However, the parties will continue to discuss and will update the Court should anything change.

Respectfully submitted by:

*/s/ Adriana M. Jisa*
ADRIANA M. JISA, ESQUIRE
Fla. Bar No. 627925
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:  (954) 462-3200
E-mail:        Adriana@purdylaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was e-filed with the Clerk of Court via the CM/ECF system which will send a notice of electronic filing to: **GREGORIO A. FRANCIS, ESQUIRE**, **BENJAMIN C. GARCIA, ESQUIRE, and JOHN DILL, ESQUIRE** Osborne & Francis, PLLC, 805 S. Kirkman Rd., Ste 205, Orlando, Florida 32811, (E-mails:BGarcia@Realtoughlawyers.com, John@johndill.com GBeason@Realtoughlawyers.com, Bdubove@realtoughlawyers.com and Gbeason@realtoughlawyers.com) this 25th day of October, 2023.

*/s/ Adriana M. Jisa*
ADRIANA M. JISA, ESQUIRE
Fla. Bar No. 627925
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:  (954) 462-3200
E-mail:        Adriana@purdylaw.com
                   Cecilia@purdylaw.com
Attorney for *Defendant Marceno, Sheriff of Lee County, Florida, and Lee County Corrections Department.*
Trial Counsel